IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ROBERT JUNIOR ROBINSON,         *
#171 121
    Plaintiff,                  *

        v.                       *      2:08-CV-945-MEF
                                                                         (WO)

ALABAMA DEPARTMENT OF          *
CORRECTIONS, *et al.*,
                                *
    Defendants.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, a state inmate incarcerated at the Frank Lee Youth Center located in Deatsville, Alabama, complains that Defendants failed to place him in an appropriate prison rehabilitative program which impacted his ability to be placed on work release where he could have earned funds to pay off fines. Plaintiff names as defendants the Alabama Department of Corrections, Warden Parker, Mrs. Owens, Commissioner Richard Allen, Warden Levan Thomas, and Mrs. Hester. He seeks $20,000.00 in damages for pain and suffering and "lies on [Defendants'] part." (*Doc. No. 1.*) Upon review of the complaint, the court concludes that dismissal of Plaintiff's complaint prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from

## I. FACTS

During a progress review hearing in June 2008 Plaintiff was informed by Defendant Owens that he had been court-ordered to participate in a SAP ["substance abuse program"] program. Plaintiff disputes this maintaining rather that classification personnel and Warden Parker had recommended him for the "ATEF" program. According to the evidence filed in support of Plaintiff's complaint, although he was recommended for community custody, he was unable to participate in work release because he refused to participate in the SAP program and did not have enough time left on his sentence to participate in the ATEF program.[2] The court understands Plaintiff to challenge prison personnel's failure to ensure his placement in an appropriate prison rehabilitative program for purposes of making him eligible for placement on work release where he would have had the ability to earn income and pay off fines. (*Doc. No. 1 at 2-4 and attachment*.)

## II. DISCUSSION

*A. The Alabama Department of Corrections*

The Alabama Department of Corrections is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's claims against the

---

a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2]Plaintiff is scheduled for release on February 10, 2009. (*See Doc. No. 1 at attachment*.)

ADOC are "based on an indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*B. Respondeat Superior*

Plaintiff makes no specific allegations against Defendant Allen. To the extent Plaintiff seeks to impose liability on this defendant on the basis of *respondeat superior*, he is entitled to no relief. The law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-92 (1978); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995); *Belcher v. City of Foley,* 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v. Turner,* 995 F.2d 1526, 1538 (11th Cir. 1993). In light of the foregoing, the court concludes that Plaintiff's claims against Defendant Allen lack an arguable basis in law and are, therefore, subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke,* 490 U.S. at 327.

*C. Due Process*

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property without due process of law." Thus, the Constitution is implicated only if a person is deprived of an interest which is in some way protected by the Due Process Clause. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court abandoned its former methodology for

determining the existence of a liberty interest. Under such previous case law, a federal court ascertained whether a state created a constitutionally protected liberty interest by parsing language of statutes and regulations to determine if the language was "of an unmistakably mandatory character" placing "substantive limitations on official discretion." *Id.* at 480. The *Sandin* Court held, however, that federal courts must instead look to the nature of the restraint imposed, rather than statutory or regulatory language, to determine if a state created a liberty interest.

> Following *Wolff*,[3] we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause... But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force,... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

515 U.S. at 483-484 (1995) (footnote added) (citations omitted). Moreover, the Court specifically rejected the contention that any action taken by correctional officials as a punitive measure necessarily encroaches upon a liberty interest protected under the Due Process Clause. *Id.* at 484.

Here, the court understands Plaintiff to argue that the correctional defendants violated his right to due process by failing to ensure his proper and/or timely participation in rehabilitative prison programs for purposes of making him eligible for work release placement. The law is well-settled that an inmate in the Alabama prison system has no state-

---

[3] *Wolff v. McDonnell*, 418 U.S. 539 (1974).

created liberty interest which entitles him to participation in favorable prison programs or work release. *See Sandin*, 515 U.S. at 484; *Francis v. Fox*, 838 F.2d 1147, 1149 (11th Cir. 1988). *See also Kitchen v. Upshaw*, 286 F.3d 179, 188 (4th Cir. 2002) (inmate denied permission to participate in work release has no constitutionally protected interest in work release because "it is clear that being denied permission to leave jail in order to work is nothing more than an ordinary experience of inmates."); *Codd v. Brown*, 949 F.2d, 879 (6th Cir. 1991) (prisoners have no inherent due process interest in work release). Moreover, an inmate confined in the Alabama prison system has no constitutionally protected interest in the procedures affecting a change in his classification level because any resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Because Plaintiff's claims regarding his classification and/or his failure to be placed in rehabilitative prison programs or work release fail to state a constitutional violation, they are due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

It is further

ORDERED that on or before **January 26, 2009** the parties may file objections to the

Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 13th day of January 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE